## 34283. POPE v. CITY OF ATLANTA et al.

JORDAN, Justice.

The exaggerated legal saga of whether appellant
Pope will be allowed to build a tennis court on her
property bordering the Chattahoochee River continues
with the third appearance of the case before this court. For
a complete review of this litigation see Pope v. City of
Atlanta, 240 Ga. 177 (240 SE2d 241) (1977) and Pope v.
City of Atlanta, 242 Ga. 331 (249 SE2d 16) (1978), cert.
den. —— U. S. —— 47 LW 3567 (1979).[1]

In its last appearance, this court held that "Pope may
use her land within the exceptions of Section 12 of the
River Act or when she demonstrates that her use will not
'result in significant land erosion, stream bank erosion,
siltation or water pollution.' River Act, § 8." Pope, 242 Ga.
at 338. Prior to this decision, the trial court had held a
hearing which all of the parties to this case agreed would
constitute Pope's appeal pursuant to Section 9 of the
Metropolitan River Protection Act (Ga. L. 1973, p. 128 et
seq., as amended by Ga. L. 1975, p. 837) ("River Act"). The
purpose of this proceeding was to hear evidence on the
question of whether the partially constructed tennis court
on Pope's property was in violation of the provisions of the
River Act, specifically Section 8 thereof which allows land
use which does not result in "significant land erosion,
stream bank erosion, siltation or water pollution." River

---

[1]See also Pope v. City of Atlanta, 418 F Supp. 665 (N.
D. Ga. 1976), affd. mem. 575 F2d 298 (5th Cir. 1978).

Act, § 8. After hearing evidence, the trial judge ruled (1) that Section 8 (1) of the River Act absolutely prohibited construction within the flood plain, and (2) that considered in light of its cumulative effect the proposed tennis court would significantly affect the river in violation of Section 8 (2) of the River Act. Pope appeals this adverse ruling.

1. The holding by the trial judge that Section 8 (1) absolutely prohibits construction within the flood plain is reversed by our subsequent holding in *Pope v. City of Atlanta,* 242 Ga. 331, supra, that the land use exceptions provided in Section 8 (2) also apply to Section 8 (1). Id. at 332, n. 1. The appellee agrees with this contention of the appellant.

2. Appellant alleges that the trial court erred in the second division of its judgment in holding that the evidence authorized a finding that her tennis court violated Section 8 of the River Act. Conjunctively, Pope argues that the court should not have considered the cumulative effect of like construction, but should have confined its inquiry to the question of whether Pope's tennis court, as a single entity, significantly affected the river.

Answering this second enumeration first, we hold that the trial court was authorized to consider the cumulative effect of additional like construction in the protected area. We have held that the state is justified in considering the cumulative effect of development when it makes land use plans. *Pope,* 242 Ga. at 336. It naturally follows that in reviewing decisions of a governing authority under such a plan, the superior court is also authorized to consider the cumulative effect of development.

In her final enumeration on review Pope contends that the evidence offered at her hearing did not support a finding that the construction of her tennis court would violate Section 8 of the River Act.

In an appeal under Section 9 of the River Act, the initial burden is on the plaintiff to show that the proposed construction meets the minimum standards of Section 8. Pope introduced evidence from the Director of the City of Atlanta's Bureau of Buildings who had issued the initial

building permit that the construction of the proposed tennis court would not significantly affect the river. The only rebuttal evidence appellees introduced was provided by F. William Kroeck, an environmental planner with the Atlanta Regional Commission. Kroeck testified that, while he had never inspected appellant's proposed construction site, the cumulative effect of the construction of any impervious surfaces, such as the proposed tennis court, would significantly affect the river. Appellant argues that on this evidence, the trial court was not authorized to hold that while the proposed tennis court would not significantly affect the river, it could be prohibited because the cumulative effect of like construction would significantly affect the river.

Having previously held the trial court was authorized to consider the cumulative effect of like construction as one of the factors in its review of an appeal under Section 9 of the River Act, we must now consider the sufficiency of this evidence, which in the factual context of this case was the only evidence offered to rebut appellant's evidence that the construction of her tennis court would not significantly affect the river.

Legislative intent, as evidenced in the River Act, demands a finding by this court that evidence of the cumulative effect of like construction, standing alone, is not sufficient to prohibit proposed land use which meets the standards for exceptions under Section 8 of the River Act. By creating these exceptions, the legislature has clearly evidenced an intention that some land use be allowed in the protected areas. Applying a cumulative effect test as here employed would abrogate this obvious legislative design since the cumulative effect of any construction, regardless of its insignificance as a single unit, would eventually affect the river adversely.

As we have held, the cumulative effect of like construction should be only one factor in the trial court's consideration. Once a plaintiff in a Section 9 appeal has met the initial burden of introducing evidence that the proposed land use will not affect the protected area, the governing authority which has denied the requested building permit must introduce specific evidence that the proposed land use does not meet the minimum standards

of Section 8. Appropriate evidence could include an analysis of the proposed construction site according to the six factors used by the Atlanta Regional Commission to determine which land protected by the River Act was vulnerable to damage by development and which land was suitable for development.[2] While one section of the river corridor may not be suited for the construction of a tennis court, another section may meet the minimum standards for such construction.

In this case appellees have failed to rebut appellant's evidence, and the trial court erred in finding that appellant's proposed land use did not meet the minimum standards of Section 8 of the River Act.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1979 — DECIDED MAY 2, 1979.

*Moreton Rolleston, Jr.,* for appellant.

*Mary Carole Cooney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General, Harvey Koenig, William R. Bassett,* for appellees.

---

[2] These factors were geology, hydrology, soils, vegetation, slope and aspect.